**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD W. RANGEL, | No. 16-15232 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-02032-JAD-PAL |
| v. | |
| DWIGHT NEVEN, Warden; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted June 15, 2017
San Francisco, California

Before: SCHROEDER, FISHER,[**] and N.R. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Petitioner Ronald Rangel, a Nevada state prisoner, was convicted of felony burglary. He now appeals denial of his petition for habeas corpus under 28 U.S.C. § 2254, arguing that his trial counsel was constitutionally ineffective.

To succeed on his claim of ineffective assistance of counsel, Rangel must prove that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the Antiterrorism and Effective Death Penalty Act of 1996, we apply a "doubly deferential" standard to ineffective assistance claims brought by state prisoners. *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013). Here, the state post-conviction court held an evidentiary hearing in which counsel provided reasons for his trial strategy. We will not "second guess counsel's decisions" or trial strategy, *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009), which he has articulated were "informed . . ., strategic choices . . . based on professional judgment." *Strickland*, 466 U.S. at 681.

In the last reasoned state court decision in Rangel's case, the Nevada Supreme Court properly identified *Strickland*, 466 U.S. 668, as the governing Supreme Court precedent. The district court concluded that the Nevada Supreme Court's denial of Rangel's claims was not contrary to federal law, an unreasonable application of federal

2

law, or an unreasonable determination of facts based on the evidence presented.  We affirm.

Rangel first argues that his counsel was ineffective in preparing and presenting the defense's theory that Rangel was voluntarily intoxicated at the time of the theft and therefore lacked the specific intent necessary for burglary under Nev. Rev. Stat. § 205.060.  But the problem was not counsel's performance; it was the lack of exculpatory evidence.  Counsel reasonably concluded that Rangel should not testify because doing so would have allowed the prosecution to introduce evidence of Rangel's numerous previous felonies, and there was no other direct evidence of voluntary intoxication.  Even so, counsel used what little was available to raise an inference of voluntary intoxication.  Counsel's closing argument regarding specific intent adequately put the jury on notice that it could not convict if it found that Rangel was voluntarily intoxicated.  Although the strategy did not succeed, Rangel has failed to show that counsel was constitutionally ineffective.  *See Strickland*, 466 U.S. at 689.  There was no evidence to support an instruction as to voluntary intoxication, so counsel's performance was not deficient in not asking for one.

Rangel next argues that counsel was ineffective for failing to object to introduction of an unauthenticated recording.  The Nevada Supreme Court did not run afoul of *Strickland* by concluding that counsel's decision not to object was reasonable.  Rangel

3

failed to provide his counsel with any reason to suspect that the recording was not authentic and has not shown that an objection would have helped the defense. Even a successful objection on the ground of failure to authenticate would have allowed the detective, as a prosecution witness, to identify the voice as Rangel's and explain that he recognized Rangel's voice because he had extradited Rangel after Rangel fled to Washington prior to the trial. Repeated references to the recording would only have emphasized its probative value.

Rangel next argues that counsel was ineffective for conceding guilt. But counsel, in arguing Rangel was not guilty of burglary, said no more than that Rangel may have been guilty of lesser, uncharged crimes. The Nevada Supreme Court reasonably concluded that counsel consulted Rangel concerning the strategy. Moreover, the trial court specifically asked Rangel during trial if he consented to this strategy, which he did. Even if counsel did not adequately consult Rangel, the strategy was reasonable in light of the strength of the prosecution's case. *See United States v. Thomas*, 417 F.3d 1053, 1058 (9th Cir. 2005).

Lastly, the Nevada Supreme Court reasonably concluded that Rangel had failed to show that counsel harbored a conflict of interest that rendered him ineffective. Rangel has not shown that counsel had divided loyalty, but only that there was some

disagreement between himself and counsel that the trial court resolved. *See Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).

The district court properly denied Rangel's habeas petition under 28 U.S.C. § 2254.

**AFFIRMED**.